■ In the Matter of the Claim of CHARLES JOHNSON, Respondent, v. LOCAL 59, TILE AND MARBLE HELPERS, et al., Appellants. WORKMEN'S COMPENSATION

BOARD, Respondent.— Employer and carrier appeal from an award of disability compensation and assert only that claimant's injury did not arise out of and in the course of his employment. Claimant is business agent for the employer, a small union. The union has no office. Claimant kept the books at his home. His home telephone was listed in his name. The union paid the telephone bill. On June 7, 1961, claimant returned home from work at about 4 o'clock P.M., relaxed, had dinner and thereafter started trimming his shrubs in the yard. About 8:40 P.M. his wife called him to the phone. He answered a call which he says was from a union member regarding business. After the call was completed claimant started to return to his shrub trimming and, as he stepped from a step to the lawn, injured his ankle. Claimant had been engaged in purely personal pursuits at his home for more than four hours before he was injured. Assuming that the telephone call was related to his employment, it was over. There was nothing connected with his employment that required him to walk to his yard for his own personal purposes. In fact, more than two months after the accident claimant, in his own handwriting, admitted in a disability benefit status report: " Claimant not in the course of his employment at time of accident." That statement is correct. The award is reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.